UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STARSURGICAL, INC.,

    Plaintiff,

v.  Case No. 10-CV-1156

APERTA, LLC, NOVOMEDICUS, LLC.,
HIDIH SURGICAL, DIETMAR H.
WITTMANN, and PAUL VAN DEVENTER,

    Defendants,

DIETMAR H. WITTMANN,
in his individual capacity and
on behalf of Starsurgical, Inc.,

    Third-Party Plaintiff,

v.

MICHAEL DEUTSCH,

    Third-Party Defendant.

## PROTECTIVE ORDER

Pursuant to the parties' Stipulation and Motion For Protective Order in this matter, and the Court being well advised in the premises,

It is ORDERED as follows:

1. **Definitions**. "Classified Information" consists of "Confidential" information and "Attorney's Eyes Only" information.

    a. "Confidential Information" means information which is determined by the Producing Party, acting in good faith, to contain non-public information of a competitively or

1

b. "Attorney's Eyes Only Information" means Confidential information that the Producing Party reasonably believes, in good faith, is so highly confidential and proprietary that disclosure to an opposing party would harm the Producing Party's interests.

2. **Limited Use of Classified Information**. Information or documents designated as "Confidential" or "Attorney's Eyes Only" must not be used or disclosed by the parties, counsel for the parties or persons authorized to receive Classified Information under paragraphs 4 and 5, below, for any purposes whatsoever other than preparing for and conducting the litigation, including appeals, in which the information or documents were disclosed.

3. **Designating Classified Information**. One who provides material may designate it as "Confidential" or "Attorney's Eyes Only" only when the providing party in good faith believes the document contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Classified Information may be designated as such by stamping or otherwise marking information or documents "Confidential" or "Attorney's Eyes Only" prior to production or disclosure of the information or documents, except for documents produced for inspection at the party's facilities and deposition testimony.

a. For all written material, documents or tangible items, the designation "Confidential" or "Attorney's Eyes Only" shall be placed on the first page and also on each page disclosing the Classified Information.

b. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked "Confidential" or "Attorney's Eyes Only." Once specific documents have been designated for copying, any

c. Whenever a deposition involves disclosure of Classified Information:

i. The disclosing party shall have the right to exclude from attendance at said deposition during such time as Classified Information is to be disclosed to any person other than the deponent, counsel (including staff and associates), the court reporter and the person(s) authorized to receive such information pursuant to paragraphs 4 and 5, below, and such other person(s) as hereafter may be designated by written agreement of all parties in this action or authorized by order of the Court.

ii. The deposition transcript or portions thereof that contain Classified Information may be designated as containing Classified Information on the record at the time of the deposition. Alternatively, a party may designate portions of depositions as containing Classified Information so long as such designations are made in writing within fourteen (14) days after the reporter mails the deposition transcript. Until this fourteen (14) day period has passed, all parties shall treat the deposition as though it is marked "Attorney's Eyes Only" in its entirety. The right to make such designations shall be waived unless made within the fourteen (14) day period. The parties shall cooperate with each other in good faith to provide such designations within a shorter period of time after transcription if a specific need arises and a request is made for expedited processing.

iii. All deposition transcripts containing any Classified Information shall be clearly marked on the cover page as either "Confidential" or "Attorney's

3

QB\12523597.1

4. **Persons to Whom Attorney's Eyes Only Information May Be Disclosed**. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as "Attorney's Eyes Only" pursuant to this Order to any other person or entity, except that disclosures may be made in the following circumstances:

  a. Disclosure may be made to counsel for the parties, and their respective partners, associates, clerks, paralegals, legal assistants and support personnel, and organizations retained by such attorneys to provide litigation support services in this action and employees of said organizations, but only to the extent that these individuals are working on this litigation at the time of disclosure. Any such litigation support services individual to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence and must sign the Acknowledgement attached as Exhibit A before he or she is provided with Classified Information.

  b. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Before disclosure to any such court reporter or person engaged in making photocopies of documents, such reporter or person must agree to be bound by the terms of this Order.

QB\12523597.1

    c.  Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence, and must sign the Acknowledgment attached as Exhibit A.

    d.  Disclosure may be made to the Court and persons associated with or employed by the Court whose duties require access to such information.

  5.  **Persons to Whom Confidential Information May Be Disclosed**. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as "Confidential" pursuant to this Order to any other person or entity, except that disclosures may be made to the persons described in paragraph 4 above, individuals who are parties to this lawsuit and, in the case of any corporation or other entity that is a party to this lawsuit, to principals, officers, directors and employees of such corporation or entity. Such principals, officers, directors and employees who are not parties to the lawsuit must sign the Acknowledgement attached as Exhibit A before they are provided with Classified Information.

  6.  **Client Consultation**. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on counsel's examination of documents or information designated as "Attorney's Eyes Only" or "Confidential," provided that, in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except as otherwise permitted by this Order.

7. With respect to all Classified Information, any person indicated on the face of the document to be its originator, author, addressee or recipient of a copy thereof may be shown the same.

8. Except as provided in subparagraphs 4 and 5, counsel for the parties must keep all documents designated as "Confidential" or "Attorney's Eyes Only" that are received under this Order secure within their exclusive possession and must place such documents in a secure area.

9. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "Confidential" or "Attorney's Eyes Only" under this Order, or any portion thereof, must be immediately affixed with the words "Confidential" or "Attorney's Eyes Only" if the designation does not already appear.

10. **<u>Classified Information from a Non-Party</u>**. If any non-party is to produce any documents or information to parties in these actions that the non-party reasonably believes contains Classified Information, the non-party shall have the same rights as the parties to designate documents and information as Confidential Information or Attorneys Eyes Only information under this Protective Order and to have such documents and information treated as Classified Information. A non-party shall have no further rights under this Protective Order other than the ability to designate its documents and information as Classified Information under the terms hereof and to have such documents and information treated as Classified Information.

11. **<u>Classified Information Used in Motion Papers and at Trial</u>**. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or

a. The papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this Order may also be made on the envelope. Only the minimum portion requiring sealing should be filed under seal, i.e., the need to seal only one exhibit does not justify sealing all exhibits.

b. Any party filing Classified Information must include with that filing a motion to seal the material pursuant to General L. R. 79(d). The motion must be filed contemporaneously and describe, in general, the basis for sealing the documents from the public and stating whether the parties are in agreement regarding sealing. In the event the court denies the motion, the filing party will be given the opportunity to withdraw the document before unsealing.

c. The papers or any portion thereof may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives reasonable advance notice prior to the trial or hearing to any party or other person that designated the information as Classified Information. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

d. Any party may move the Court at any time for an order, upon good cause being shown, that such notice requirement shall not apply to a particular document or item of information. The parties understand and agree that, subject to the Federal Rules of Evidence and the Court's discretion, good cause may include, without limitation, the need to impeach or rebut surprise testimony or testimony which is outside the scope of a witness's previous sworn testimony.

12. The restrictions on the use of Classified Information established by this Order are applicable only to the use by a party of Classified Information received from another party. A party is free to use its own Classified Information as it desires.

13. **Disputes Regarding Designation of Classified Information**. A party is not obligated to challenge the propriety of a designation at the time the designation is made. A party may challenge the designation of confidentiality by motion at any time. The movant must accompany such a motion with the certification required by Civil L. R. 37. The party prevailing on any such motion is entitled to recover as motion costs its actual attorney fees and costs attributable to the motion in accordance with and under the circumstances set forth in Fed. R. Civ. P. 37.

14. **Conclusion of Litigation**. Within thirty (30) days of the final conclusion of this litigation, all Classified Information not received in evidence must be returned to the originating party. If the parties so stipulated, the material may be destroyed. The foregoing is subject to the right of outside counsel to retain one copy of any and all documents and things or transcripts which contain Classified Information, which materials will otherwise remain subject to this Order. Court records are excluded from the return provisions of this paragraph.

15. The terms of this Order shall survive and remain in full force after the termination of these lawsuits and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Classified Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

16. **Inadvertent Disclosure of Privileged Information**. Resolution of any issues related to claims that privileged documents and/or information have been inadvertently disclosed shall be governed by the procedures set forth here:

a. Notwithstanding the provisions of Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, any inadvertent disclosure of a privileged document or information, whether protected by the Attorney-Client or Work-Product privileges, shall not constitute a waiver of that privilege or of the subject matter of those documents.

b. Any inadvertently disclosed privileged document or information, whether protected by the Attorney-Client or Work-Product privileges, will not be used for any purpose in this case upon notification of the producing party to the receiving party and resolution of the matter as indicated herein.

c. If the party producing the subject document or information discovers that it produced a document or information that appears to be subject to the Attorney-Client Privilege or Work-Product protection, the producing party must notify the receiving parties of the inadvertent disclosure or production in writing within seven (7) days of the discovery of such inadvertent disclosure or production.

d. All parties agree to return any identified privileged material inadvertently disclosed immediately upon notice of such disclosure by the opposing party, including removing access to the electronic version of the document and taking reasonable efforts to retrieve the document if it was disclosed before notification, provided, that if there is a dispute regarding the document or information, the opposing party may retain one copy pending resolution of the dispute which the opposing party shall treat as "Attorneys Eyes Only."

e. If there is a dispute regarding the document or information, the producing party will preserve the document or information until the dispute is resolved.

f. Before any receiving party attempts to seek a ruling concerning whether the document and/or information is, in fact, privileged or whether any privilege has been waived,

g. Any information presented to the Court for resolution must be done under seal.

17. **Reservation of Rights**. This Order shall not abrogate or diminish any contractual or statutory or other legal obligation or right of any party or person with respect to Classified Information. This Order shall be without prejudice to the right of any party to bring before the Court the question of: (1) whether any particular material is confidential; (2) whether any particular information or material is entitled to a greater or lesser degree of protection; or (2) whether any particular information or material is admissible, discoverable or relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures. That any information is disclosed, used or produced in discovery or trial herein shall not be admissible, or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary with respect to the parties covered by this Order.

Dated at Milwaukee, Wisconsin, February 22, 2011.

/s
Honorable Lynn Adelman
United States District Judge

## **EXHIBIT A - ACKNOWLEDGMENT**

       I hereby acknowledge that I have read the foregoing Protective Order concerning confidentiality of documents and information in this case and that I understand its provisions. I further acknowledge that I am receiving access to "Attorney's Eyes Only" and/or "Confidential" documents and/or information based upon my agreement to comply with the terms and conditions of the Protective Order, and I hereby agree to treat all "Attorney's Eyes Only" and/or "Confidential" documents and information in the manner required by the Protective Order.

**Name**:_____ (printed)

**Signature**: _____

**Date**: _____