# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**STARSURGICAL INC.,**
        **Plaintiff,**

  v.                                             **Case No. 10-CV-01156**

**APERTA, LLC, et al.,**
        **Defendants,**

**DIETMAR H. WITTMANN,**
        **Defendant/Third-Party Plaintiff,**

  v.

**MICHAEL DEUTSCH,**
        **Third-Party Defendant.**

---

## ORDER

This case involves a dispute between the shareholders of Starsurgical, Inc., a company which sells a patch used in connection with abdominal surgery. Before me now is the parties' joint motion to seal certain documents. Records of judicial proceedings are generally public. *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). "[O]nly trade secrets, information covered by a recognized privilege . . ., and information required by statute to be maintained in confidence . . . is entitled to be kept secret." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002). Information may only be kept under seal if the party asserting confidentiality shows good cause. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

The information the parties wish to keep secret includes the cost of goods sold, pricing information, sales volume, profit margins, corporate revenue, corporate growth rate,

marketing expenditures, company-specific considerations bearing on plaintiff Starsurgical's value to prospective buyers, company distributions to shareholders, shareholder calculations of the enterprise value of the business, amount of offers to purchase shares, total compensation paid to plaintiff Deutsch (which can be used to calculate Starsurgical's net revenues), customer lists and number of products sold. The parties state that this information is not available to the public or to Starsurgical's customers, suppliers or competitors and that if it were available, it would impair Starsurgical's ability to compete and would decrease the company's value.

Although the parties do not refer to the information at issue as "trade secrets" they argue in effect that that is what it is. They state that keeping the information confidential will prevent competitors from gaining an unfair advantage by having access to their pricing information, allow Starsurgical to negotiate fairly with suppliers and customers who do not have access to their profit margins and other sensitive financial information and allow shareholders to capitalize on their investments by preventing potential investors from using sensitive financial information to unfairly adjust offers to buy Starsurgical shares. Thus, they establish that there is good cause to believe that public availability of the information could harm both parties. Therefore, I will grant the joint motion.

**THEREFORE, IT IS ORDERED** that the parties' joint motion to seal (ECF No. 186) is **GRANTED**.

**IT IS FURTHER ORDERED** that the clerk shall unseal:

- Exhibits 2, 3, 4, and 6 to the July 26, 2013 Declaration of Joseph Leone (ECF No. 149);

- Exhibits C, F, G, H, J, K, M, N, O, P, R, T, U, V, W, X, Y, Z, AA, BB,

> FF, HH, II, KK, LL, MM, OO, PP, QQ, RR, and SS to the August 30, 3013 Declaration of Patrick Murphy (ECF Nos. 157 & 158);

- Exhibits A, G, H, I, J, and K to the August 30, 2013 Declaration of Michael Deutsch (ECF No. 159);

- Exhibits 1, 3, 4, 7, 8, 9, and 19 to the October 4, 3013 Declaration of Joseph Leone (ECF No. 172);

- The October 4, 2013 declaration of Mark Wittmann (ECF No. 177);

- Exhibits A, D, G, and H to the October 28, 2013 Declaration of Patrick Murphy (ECF No. 180);

- Exhibits A, B, and C to the October 28, 2013 declaration of Michael Deutsch (ECF No. 182).

The remaining sealed documents shall remain sealed; each now includes a corresponding redacted document in ECF.

Dated at Milwaukee, Wisconsin this 14th day of August, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge